IN THE MATTER OF CHARLES L. O'DONNELL.

No. 10603.

Submitted June 7, 1963. Decided October 21, 1963.

387 P.2d 303.

Alfred B. Coate, First Asst. Atty. Gen., Helena, for the State of Montana.

Charles O'Donnell (argued), Helena, pro se.

PER CURIAM.

This matter concerns a disciplinary proceeding instituted against an attorney at law. In December of 1962 a complaint was made to this court concerning the professional conduct of Charles L. O'Donnell, a duly licensed and practicing attorney of this court. Thereafter special counsel was appointed to make an investigation of the charges complained of. A complete report was made by special counsel and his findings were forwarded to the Attorney General. On June 7, 1963, a formal complaint was filed in the office of the Clerk of this Court wherein it was alleged:

"That by order of the District Court of the Twelfth Judicial District in and for the County of Blaine dated December 27, 1961, the will of Ramus Hansen was admitted to probate. Said will named Charles L. O'Donnell as executor of the estate.

Said O'Donnell qualified and was issued letters testamentary on the same date. Said O'Donnell, as executor of this estate opened a checking account with the First State Bank of Chinook, Montana, in the name of the estate on December 28, 1961. That said O'Donnell, beginning January 10, 1962, made withdrawals from said checking account for his personal use and benefit in the amount of $3,794.60. That said sum of money has never been redeposited by said O'Donnell to the credit of said estate and that said amount is currently owing by said O'Donnell to said estate."

The complaint prayed for issuance of summons requiring O'Donnell to answer the charges filed within twenty days from service thereof. Service was effected on June 17, 1963. No answer being forthcoming, on July 9, 1963, O'Donnell's default for failure to file his answer within the time granted by the court was ordered entered, and it was so entered on July 9, 1963.

On July 15, 1963, O'Donnell filed with the Clerk of this Court what purports to be an answer. It was signed by O'Donnell. In it O'Donnell stated:

"Generally denies the allegations in the said complaint and alleges that the said amount set forth in said complaint is not now currently owing to said estate."

In the prayer of the purported answer O'Donnell requested an opportunity to be heard by the court and "to present to the court the facts concerning the controversy alleged in said complaint * * *."

On August 16, 1963, this court provided such opportunity in open court. O'Donnell appeared personally. He admitted the defalcation alleged in the complaint. He asserted that his bonding company had repaid the estate, and that he would repay the bonding company.

We shall not go into detail on the history of the district court's efforts to secure an accounting in the estate matter other than to remark that O'Donnell's actions were and are

unbecoming a member of the legal profession. His conduct as charged in the complaint and admitted by him in open court is one of deceit and malpractice involving moral turpitude and he is ordered disbarred and his name stricken from the roll of attorneys. A copy of this order shall be served forthwith upon the said O'Donnell.